Gary S. Gray, State Bar No. 66001
Kathryn T. Camerlengo, State Bar No. 305042
GRAY • DUFFY, LLP
555 Twin Dolphin Drive
Suite 300
Redwood City, California  94065
Phone:  (650) 365-7343   Fax:  (650) 365-6225
Email:  ggray@grayduffylaw.com
kcamerlengo@grayduffylaw.com

Attorneys for Plaintiff, LENA SCHIBYE

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LENA SCHIBYE,<br><br>　　　　Plaintiff(s),<br><br>　　vs.<br><br>HARRAH'S LAUGHLIN, LLC, and DOES 1 TO 20,<br><br>　　　　Defendant(s). | Case No. 3:20-cv-00533-MMD-WGC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

　　　COME NOW Plaintiff LENA SCHIBYE, by and through her counsel of record, Gray Duffy, LLP and hereby submits the following memorandum of points and authorities in opposition to Defendant HARRAH'S LAUGHLIN, LLC's Motion for Summary Judgment.

　　　In general, this opposition is based upon the following grounds: (1) Defendants allowed a dangerous condition on their property and breached the duty of care; (2) the dangerous condition caused Plaintiff's injury; and (3) there are disputed material facts regarding Defendant's knowledge of the dangerous condition.

　　　More particularly, this opposition is based on the following Memorandum of Points and Authorities, the Declaration of Kathryn T. Camerlengo, Declaration Lena Schibye, the exhibits filed concurrently with this opposition, and any other

oral evidence to be presented at the hearing in this matter.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On the evening of August 31, 2019, Plaintiff Lena Schibye ("Plaintiff") and her best friend Wendy Kaplan were walking to their car when they decided to stop at a makeshift dance floor of Defendant Harrah's Casino ("Defendant") in South Lake Tahoe. Not more than 10 to 15 minutes later, Plaintiff was suddenly and aggressively grabbed by a man who flung her around and after letting go of her, caused Plaintiff to fracture her right wrist. (See Exhibit 1, Declaration of Lena Schibye, ¶3.)

Defendant now moves for summary judgment despite the disputed facts regarding the dangerous condition and Defendant's duty and failure to remedy the dangerous condition.

Plaintiff has asserted causes of action for general negligence and premises liability stemming from an incident that occurred on August 31, 2019 at Harrah's Casino located in South Lake Tahoe. Defendant has denied liability under the theory of premises liability by relying on its own inspection of the subject area, as well as limited video surveillance of the location where the incident occurred. Defendant claims that Plaintiff was swing dancing with an unidentified man and that she fell when he let go of, or lost his grip on, her hand. (Def's Memo of Points and Authorities, 5:14-15.) However, as demonstrated by Plaintiff's Declaration and the Declaration of Wendy Kaplan, there were several aspects of the subject area which, particularly when combined, present an unreasonable risk of harm to patrons.

First, other patrons of the Casino saw that the intoxicated man who grabbed Plaintiff had been exhibiting aggressive and drunk behavior before he grabbed Plaintiff and her friend. (See Exhibit 1, Decl. of Plaintiff, ¶7.) Second, the same man who grabbed Plaintiff was observed to be acting out of control on the dance floor and had too much to drink. (See Exhibit 1, Decl. of Plaintiff, ¶7.)

Defendant is not entitled to Summary Judgment as to Plaintiff's theory of

premises liability and negligence because Defendant was responsible to take all reasonable measures to safeguard their patrons. Defendant failed to do this and as a result, Plaintiff was seriously injured. When injuries are caused by casino management or employee negligence, the casino is responsible. Thus, at the very least, an issue of material fact exists as to whether the condition of the location where the incident occurred was in fact safe.

## II.  STATEMENT OF FACTS

On August 31, 2019, Plaintiff and her friend Wendy Kaplan went to Harvey's Casino in South Lake Tahoe. They were finishing up their first and only drink when they decided to go home. A DJ (Party with Arty) was playing music and they stopped to listen and watch on their way to the exit. The makeshift dance floor was surrounded by cocktail tables and chairs. As they put down their jackets, a man suddenly grabbed Plaintiff to dance. Reluctantly, she acquiesced, only to find him overly aggressive. She turned to see if her friend wanted to dance with him, but after less than a minute of dancing with him, she quickly refused to dance with him and suddenly he was grabbing Plaintiff again. He spun and twirled her around with such aggressiveness that she lost her balance and while trying to avoid the furniture, she fell and landed on her right wrist. (See Exhibit 1, Declaration of Lena Schibye, ¶¶2, 3.)

The DJ continued to play music even though Plaintiff was clearly injured. Plaintiff's friend, Wendy Kaplan, could see Plaintiff was not getting up off of the floor and ran to her side. She looked at her and could tell immediately that her wrist was broken. Plaintiff was stunned and shocked and immediately started to suffer from excruciating pain. The next thing she remembers was an ambulance driver telling her to breathe since she was hyperventilating and going into mild shock. She was placed in a wheelchair and put into the ambulance where she was then taken to Barton Memorial Hospital. (See Exhibit 1, Declaration of Lena Schibye, ¶¶3,4)

///

## III. ARGUMENT

### A. Defendant was Negligent in the Maintenance of the Premises where Plaintiff was Injured.

As the owner of the casino, Defendant is responsible for the maintenance of their property in a reasonable safe condition. Defendant has the legal duty to take all reasonable measures to safeguard their patrons, including Plaintiff. Defendant failed to do this and as a result, Plaintiff was seriously injured. When injuries are caused by casino management or employee negligence, the casino is responsible. Common areas of casino negligence include: Hiring unqualified security guards and bartenders; lack of security and over serving alcohol.

A proprietor has a duty to exercise reasonable and ordinary care in keeping its premises safe for its patrons. (See *Early v. N.L.V. Casino Corp.*, 100 Nev. 200, 203, 678 P.2d 683, 684 (1984); see also *Asmussen v. New Golden Hotel Company*, 80 Nev. 260, 262, 392 P.2d 49, 49 (1964)) The duty to protect a patron, however, is conditional when the harm is caused by a third person. A proprietor only has a duty to take affirmative action to control the acts of a third person when the proprietor has reasonable cause to anticipate the third person's acts and the probability of injury. *Id.*, citing *Thomas v. Bokelman*, 86 Nev. 10, 13, 462 P.2d 1020, 1022 (1970)). In general, whether a proprietor could foresee the wrongful acts of a third person and the probability of injury is a question of fact, and thus a jury question. (See *Elko Enterprises, Inc. v. Broyles,* 105 Nev. 562, 566, 779 P.2d 961, 964 (1989); *Basile v. Union Plaza Hotel & Casino* (1994) 110 Nev. 1382 [887 P.2d 273, 275].)

Plaintiff was injured due to the aggressive behavior of an intoxicated male patron of the Defendant who grabbed Plaintiff and her friend onto the dance floor. Witnesses observed the male patron's aggressive and intoxicated behavior prior to Plaintiff and her friend arriving. Defendant's security should have removed this patron prior to him causing harm to Plaintiff, but failed to do so.

///

## B.     Defendant's Motion for Summary Judgment Should Be Denied Because There Are Triable Issues of Material Fact

A motion for summary judgment provides a procedure for terminating without trial actions in which "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." [FRCP 56(a)]   The non-movant need not match the movant witness for witness, nor persuade the court that her case is convincing, she need only come forward with appropriate evidence demonstrating that there is a pending dispute of material fact." [*Waldridge v. American Hoechst Corp.* (7th Cir. 1994) 24 F3d 918, 921]

Circumstantial evidence alone may create a genuine issue of material fact, sufficient to defeat a motion for summary judgment. [*Cornwell v. Electra Central Credit Union* (9th Cir. 2006) 439 F3d 1018, 1029-1030; and see *Desert Palace, Inc. v. Costa* (2003) 539 US 90, 100, 123 S.Ct. 2148, 2154-in civil litigation generally, circumstantial evidence "may be more certain, satisfying and persuasive than direct evidence"]

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying the portions of the declarations (if any), pleadings, and discovery that demonstrate an absence of a genuine issue of material fact. (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). A fact is "material" if it might affect the outcome of the suit under the governing law. (See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *United States v. Kapp*, 564 F.3d 1103, 1114 (9th Cir. 2009). A dispute is "genuine" as to a material fact if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson, supra*, 477 U.S. at 248; *Freecycle Sunnyvale v. Freecycle Network*, 626 F.3d 509, 514 (9th Cir. 2010)).

The opposing party's evidence is to be believed, and all justifiable inferences

that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See *Anderson, supra*, 477 U.S. at 255; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* (1986) 475 U.S. 574 475, 587; *Narayan v. EGL, Inc*., 616 F.3d 895, 899 (9th Cir. 2010). While a "justifiable inference" need not be the most likely or the most persuasive inference, a "justifiable inference" must be rational or reasonable. (See *Narayan,supra*, 616 F.3d at 899.)

Defendant has offered no evidence in support of its Motion. It is Defendant's burden to prove sufficient evidence to demonstrate that there is no triable issues of material fact. However, Defendant cannot meet that burden because triable issues of fact exist in this case. Specifically, genuine issues of material fact exist regarding whether Defendant breached its duty to protect its patrons from the conduct of a third person.

Accordingly, Plaintiff respectfully requests that Defendant's motion be denied.

**B.    There Is a Triable Issue of Material Fact as to Whether Defendant Was Negligent in the Maintenance of the Premises**

Nevada premises liability law requires casino operators such as Defendant, to maintain their premises in a reasonably safe condition. This duty extends to all areas of the casino, including walkways. Furthermore, casinos have the duty to reasonably protect against all foreseeable injuries.

Although a restaurant or tavern owner cannot be held liable for damages to a third person for merely furnishing too much alcohol to a patron who becomes intoxicated and goes off-site and causes injury to the third person, a restaurant or tavern owner <u>can</u> be held liable to a third person who is injured by an intoxicated patron on the premises under a theory of premises liability, to wit: that the restaurant or tavern owner "who serves intoxicating drinks to customers for consumption on the premises must 'exercise] reasonable care to protect his patrons from injury at the hands of fellow guests.'" (See *Cantwell v. Peppermill* (1994) 25 Cal.App.4th 1797 [31 Cal.Rptr.2d 246], and *North East Insurance Co. v. Masonmar, Inc.* (E.D.Cal.

Mar. 24, 2014, No. 1:13-CV-364 AWI SAB) 2014 U.S.Dist.LEXIS 40381.)

Defendant relies upon the fact that Plaintiff did not see the man consume any alcoholic beverages to support their Motion for Summary Judgment. (Def's Memo, 6:3-4.) The law does not require Plaintiff to personally observe a person consuming alcoholic beverages in order to determine they are intoxicated. The consumption of alcoholic beverages rather than the serving of alcoholic beverages is the proximate cause of injuries inflicted upon another by an intoxicated person. (*Cantwell v. Peppermill, Inc.*, 25 Cal. App. 4th 1797, 1802, 31 Cal. Rptr. 2d 246 (1994)

Casinos must not serve alcohol to severely intoxicated patrons and they must maintain adequate security. Here, Defendant's security guard should have been in position to witness the disorderly patron prior to, during and after Plaintiff was injured. In situations where a patron is drunk, unruly, and/or is acting in a reckless manner and likely to cause harm to himself or others that is indicative of possible violent behavior, the Casino must promptly remove that patron from its premises. Defendant's failure to do this proximately contributed to Plaintiff's serious injury. There were witnesses who observed this patron acting in a belligerent and aggressive manner before Plaintiff was injured. (See Exhibit 1, Decl. of Plaintiff, ¶3) Defendant should have promptly removed the intoxicated patron from the Casino, but failed to do so.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court deny Defendant's Motion for Summary Judgment.

DATED: November 30, 2021          GRAY • DUFFY, LLP

By: *Kathryn T. Camerlengo*
KATHRYN T. CAMERLENGO
Attorney for Plaintiff, LENA SCHIBYE